**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BROOKE LEITNER,<br><br>      Plaintiff,<br><br>  vs.<br><br>TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S", TAYLOR FARMS RETAIL, INC., TAYLOR FRESH FOODS, INC., and JOHN DOES 1 through 10<br><br>      Defendants. | Case No. 1:20-cv-6220 |

## NOTICE OF REMOVAL

TO THE CLERK OF COURT:

  PLEASE TAKE NOTICE that defendants Trader Joe's East Inc. ("**Trader Joe's**"), Taylor Farms Retail, Inc. ("**Taylor Farms**"), and Taylor Fresh Foods, Inc. ("**Taylor Fresh**") (collectively, the "**Defendants**"), by and through the undersigned counsel, hereby removes the above captioned action from the Supreme Court of the State of New York, Kings County, Index Number 515934/2020, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows:

  1.  On August 27, 2020, Plaintiff Brooke Leitner filed a complaint in the Supreme Court of the State of New York for the County of Kings, entitled *Brooke Leitner v. Trader Joe's East Inc., et al.*, Index No. 515934/2020 (the "Action").

  2.  On or around December 4, 2020, Plaintiff served copies of the summons and complaint on Taylor Farms and Taylor Fresh

### I.  THIS NOTICE IS TIMELY

  3.  This Notice of Removal is timely because it is filed within 30 days after Plaintiff

served Taylor Farms and Taylor Fresh.  28 U.S.C. § 1446(b)(1).

4. A copy of the State Court docket is attached hereto as Exhibit 1.

5. A copy of the summons and complaint that Plaintiff served is attached hereto as Exhibit 2, and constitutes all process, pleadings, and orders that Defendants have received in this Action to date.

## II. DIVERSITY JURISDICTION EXISTS

6. Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in a state court to the United States District Court if the district court has original jurisdiction over the action.

7. Federal district courts have original jurisdiction of all civil actions between citizens of different states, and between a citizen of a state and a citizen or subject of a foreign state, where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).

8. This action is one over which the district court has original jurisdiction under 28 U.S.C. § 1332(a) because:

   (a) The amount in controversy exceeds $75,000;

   (b) Plaintiff and Defendants are citizens of different states; and

   (c) Defendants not a citizen of the state in which the action was brought.

9. The amount in controversy in this action exceeds $75,000.  Plaintiff's Complaint alleges that plaintiff was hospitalized from December 3 to December 21, 2019, and that her injuries included "nausea, vomiting, bloody stool, colitis, sepsis, hemolytic-uremic syndrome, acute kidney failure with tubular necrosis, acute post hemorrhagic anemia, thrombocytopenia, pain, suffering, lost wages, and medical expenses, among other injuries."  Ex. 2 (Complaint ¶ 26).

Plaintiff did not state the amount of damages to which she deems herself entitled, presumably in accordance with CPLR § 3017(c), which prevents a personal injury plaintiff from doing so. However, Defendants are informed and believed based upon prelitigation communications that plaintiff seeks damages in excess of $75,000.   On or about February 26, 2020, Plaintiff's counsel responded to a request from Defendants' insurer for further information about plaintiff's claim.  A copy of relevant excerpts of this response is attached hereto as Exhibit 3.  Plaintiff's counsel indicated that the then-current medical bills totaled over $100,000, plaintiff was unable to complete a semester, resulting in lost educational opportunities, and lost a career opportunity and internship stipend of $2,400.  These amounts alone satisfy the amount in controversy requirement.

      10.    The citizenship of an individual is the state in which the individual is domiciled. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).  Defendants are informed and believe that Plaintiff is domiciled in New York; Plaintiff alleges her residence in Brooklyn, NY. Complaint ¶ 1.  Accordingly, Plaintiff is a citizen of New York for diversity purposes.

      11.    The citizenship of a corporation is state in which the corporation is incorporated and the state of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1).  Trader Joes is incorporated and has its principal place of business in Massachusetts; thus, it is a citizen of Massachusetts for diversity purposes.  Taylor Farms is incorporated and has its principal place of business in California; thus, Taylor Farms is a citizen of California for diversity purposes. Taylor Fresh is incorporated in Delaware and has its principal place of business in California; thus, Taylor Fresh is a citizen of California and Delaware for diversity purposes.

      12.    Complete diversity exists between Plaintiff and Defendants, and no defendant is a citizen of the state in which the Action is brought.

### III.     DEFENDANT MEETS THE REMAINING PROCEDURAL REQUIREMENTS

13. Under 28 U.S.C. § 1446(a), venue for removal purposes lies with this Court because Plaintiff's action is pending in the Supreme Court of the State of New York for the County of Kings, which is within this District and Division.

14. Each defendant consents to the removal of this Action.

15. Concurrently with the filing of this Notice of Removal, Defendants have given written notice of the filing of this Notice of Removal to Plaintiff.  Defendants have also filed a copy of this Notice with the Clerk of the Supreme Court of the State of New York for the County of Kings under 28 U.S.C. § 1446(d).

16. Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

17. This Notice is filed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, Defendants request that this civil action be removed from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

Dated: December 22, 2020

                Respectfully submitted,

                DAVIS WRIGHT TREMAINE LLP

                By: _____
                Ashlee Aguiar
                1300 SW Fifth Avenue, Suite 2400
                Portland, OR 97201
                Telephone:  (503) 241-2300
                Facsimile:  (503) 778-5299
                ashleeaguiar@dwt.com

                *Attorneys for Defendants Trader Joe's East Inc., Taylor Farms Retail, Inc., and Taylor Fresh Foods, Inc.*

TO:    The Jacob D. Fuchsberg Law Firm, LLP
        Eli A. Fuchsberg, Esq.
        3 Park Ave, Suite 3700
        New York, NY 10016
        (212) 869-3500
        e.fuchsberg@fuchsberg.com