*[Handwritten note at top right: "Pers Served 12-4-2020 our Answer due 12-24-20"]*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
------------------------------------------------------------------x
BROOKE LEITNER

                               Plaintiff/Petitioner,

            - against -                                                                    Index No. 515934/2020
TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S", et al.

                              Defendant/Respondent.
------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 8/27/2020

ELI A. FUCHSBERG, ESQ.
Name

THE JACOB D. FUCHSBERG LAW FIRM, LLP
Firm Name

*[signature]*

3 Park Avenue, Suite 3700

New York, NY 10016
Address

(212) 869-3500
Phone

e.fuchsberg@fuchsberg.com
E-Mail

To:   TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S", et al.

2/24/20

Index # 515934/2020     Page 2 of 2     EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

BROOKE LEITNER,

                     Plaintiff,

- against -

TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S",
TAYLOR FARMS RETAIL, INC.,
TAYLOR FRESH FOODS, INC., and
JOHN DOES 1 through 10,

                     Defendants.
------------------------------------------------------------------X

Index No.: 515934/2020

Date Purchased: 8/27/2020

**SUMMONS**

       Plaintiff designates KINGS County as the place of trial. The basis of venue is Plaintiff's residence: 242 Newkirk Avenue, Apt. 3A, Brooklyn, NY 11230.

TO THE ABOVE-NAMED DEFENDANT(S):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:      New York, New York
                August 27, 2020

                                        Yours, etc.
                                        THE JACOB D. FUCHSBERG LAW FIRM, LLP

                          By:    _____
                                        ELI A. FUCHSBERG, ESQ.
                                        Attorneys for Plaintiff
                                        3 Park Avenue, Suite 3700
                                        New York, NY 10016
                                        (212) 869-3500
                                        e.fuchsberg@fuchsberg.com

TO:
TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S"
445 Gold Street
Brooklyn, NY 11201

TAYLOR FARMS RETAIL, INC.
150 Main Street, Suite 300
Salinas, CA 93901

TAYLOR FRESH FOODS, INC.
150 Main Street, Suite 400
Salinas, CA 93901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
BROOKE LEITNER,                                    Index No.: 515934/2020

                      Plaintiff,

                                                          Date Purchased: 8/27/2020
- against -

TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S",      **VERIFIED**
TAYLOR FARMS RETAIL, INC.,                        **COMPLAINT**
TAYLOR FRESH FOODS, INC., and
JOHN DOES 1 through 10,

                      Defendants.
------------------------------------------------------------------------X

       Plaintiff, by her attorneys THE JACOB D. FUCHSBERG LAW FIRM, LLP complaining of the defendant, alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION: STRICT LIBAILITY**

       1.    At all pertinent times, the Plaintiff, BROOKE LEITNER, resided at 242 Newkirk Avenue, Brooklyn, NY 11230.

       2.    At all pertinent times, defendant, TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S" (hereinafter sometimes referred to as "TRADER JOE'S"), is a grocery store actively conducting business in the State of New York.

       3.    At all pertinent times, defendant, TRADER JOE'S EAST INC., is a corporation registered in the State of New York and transacting business in Kings County, State of New York.

       4.    At all pertinent times, defendant, TAYLOR FARMS RETAIL, INC. (hereinafter sometimes referred to as "TAYLOR FARMS"), is a produce manufacturer and distributer actively supplying goods in the State of New York.

3

5.  At all pertinent times, defendant TAYLOR FARMS RETAIL, INC., is a corporation registered in the State of California, which regularly conducts business and supplies products to Kings County, State of New York.

6.  At all pertinent times, defendant, TAYLOR FRESH FOODS, INC., (sometimes hereinafter "TAYLOR FRESH") is a produce manufacturer and distributor actively supplying goods in the State of New York.

7.  At all pertinent times, defendant, TAYLOR FRESH FOODS, INC., is a corporation registered in the State of California, which regularly conducts business and supplies products to Kings County, State of New York.

8.  The true names and capacities of Defendants sued herein as JOHN DOES 1 through 10, inclusive, are presently unknown to Plaintiff who will seek to amend this complaint to include these JOHN DOE defendants when they are identified.

9.  At all pertinent times, defendant TRADER JOE'S held itself out to the general public, and in particular to Plaintiff, as a grocery store offering food items for sale, including romaine lettuce and other produce.

10. At all pertinent times, defendant TAYLOR FARMS held itself out to the general public, and in particular to Plaintiff, as a company distributing food items for sale, including romaine lettuce and other produce.

11. At all pertinent times, defendant TAYLOR FRESH held itself out to the general public, and in particular to Plaintiff, as a company distributing food items for sale, including romaine lettuce and other produce.

12. At all pertinent times, TRADER JOE'S, a grocery store located at 445 Gold Street, Brooklyn, NY, was owned by defendant TRADER JOE'S EAST INC.

13. At all pertinent times, TRADER JOE'S, a grocery store located at 445 Gold Street, Brooklyn, NY, was controlled by defendant TRADER JOE'S EAST INC.

14. At all pertinent times, TRADER JOE'S, a grocery store located at 445 Gold Street, Brooklyn, NY, was operated by defendant TRADER JOE'S EAST INC.

15. At all pertinent times TRADER JOE'S EAST INC. maintained a store at 445 Gold Street, Brooklyn, NY 11201, where produce, including romaine lettuce, was sold to the public.

16. At all pertinent times, TAYLOR FARMS produced, manufactured, and distributed products, including romaine lettuce and/or salad kits, which were sold at TRADER JOE's, a grocery store located at 445 Gold Street, Brooklyn, NY.

17. At all pertinent times, TAYLOR FARMS produced, manufactured, and distributed products, including romaine lettuce and/or salad kits, which were sold at TRADER JOE's, a grocery store located at 445 Gold Street, Brooklyn, NY.

18. On November 21, 2019, the U.S. Department of Agriculture's Food and Safety Inspection Service (FSIS) announced a recall of salad products.

19. On November 22, 2019, the FDA announced an update to their investigation of an outbreak of *E. Coli 0157:H7* and advised retailers not to sell romaine lettuce if they could not confirm it was sourced from outside Salina, California.

20. On November 22, 2019, TRADER JOE'S issued an ALERT about Romaine Lettuce and advised that products containing Romain lettuce labels as from "Salinas, California";

5

"Monterey"; "Northern CA"; "San Benito"; "California"; or "USA" growing regions had been pulled from the shelves of TRADER JOE'S.

21. On November 22, 2019, at approximately 7:23PM EST, Plaintiff BROOKE LEITNER purchased a Southwestern Chopped Salad (identified on the receipt as "Salad SW Chopped 13.6 oz" and hereinafter sometimes referred to as "the salad" or "adulterated food product") for $3.29, from the TRADER JOE's located at 455 Gold Street, Brooklyn, NY 11201.

22. Plaintiff BROOKE LEITNER consumed the salad at her home on or about the evening of Tuesday November 26, 2019.

23. Plaintiff BROOK LEITNER, a student at the Fashion Institute of Technology, studying graphic design, traveled to Connecticut to spend time with family for the Thanksgiving holiday.

24. On or about Thursday November 28, 2019 (Thanksgiving Day), Plaintiff BROOKE LEITNER began experiencing stomach pains and fever.

25. On Saturday November 30, 2019, at approximately 12:27 A.M. EST, Plaintiff BROOKE LEITNER presented to the Emergency Room at Midstate Hospital, Meriden, CT, due to stomach complaints and fever. Plaintiff BROOKE LEITNER was discharged and returned to the Emergency Room at the Hospital of Central Connecticut, New Britain, CT, on December 2, 2019. Plaintiff BROOKE LEITNER presented to the Emergency Department for a third time on December 3, 2019, at the Hospital of Central Connecticut, New Britain, CT, and was admitted.

26. While at the Hospital of Central Connecticut, Plaintiff BROOKE LEITNER's stool testified positive for *E. Coli 0157* and she was diagnosed with *E Coli 0157* HUS (Hemolytic Uremic Syndrome). Plaintiff BROOKE LEITNER's injuries from the *E. Coli 0157* infection include

nausea, vomiting, bloody stool, colitis, sepsis, hemolytic-uremic syndrome, acute kidney failure with tubular necrosis, acute post hemorrhagic anemia, thrombocytopenia, pain, suffering, lost wages, and medical expenses, among other injuries. Due to the kidney failure, Plaintiff BROOKE LEITNER required multiple blood transfusions and dialysis. Plaintiff BROOKE LEITNER was discharged from the Hospital of Central Connecticut on or about December 21, 2019, with placement of a tunnel catheter to allow for out-patient dialysis.

27. At all times relevant herein, defendant TRADER JOE'S was a manufacturer, supplier, packager, distributer and/or seller of the adulterated food product (the salad) that is the subject of this action.

28. At all times relevant herein, defendant TAYLOR FARMS was a manufacturer, supplier, packager, distributer and/or seller of the adulterated food product (the salad) that is the subject of this action.

29. At all times relevant herein, defendant TAYLOR FRESH was a manufacturer, supplier, packager, distributer and/or seller of the adulterated food product (the salad) that is the subject of this action.

30. The adulterated food product that the defendant manufactured, supplied, distributed, and/or sold was, at the time it left the defendant TRADER JOE'S control, defective and unreasonably dangerous for its ordinary and expected use because it contained *E. Coli 0157:H7*, a deadly pathogen.

31. The adulterated food product that the defendant manufactured, supplied, distributed, and/or sold was, at the time it left the defendant TAYLOR FARMS's control, defective and

unreasonably dangerous for its ordinary and expected use because it contained *E. Coli 0157:H7*, a deadly pathogen.

32. The adulterated food product that the defendant manufactured, supplied, distributed, and/or sold was, at the time it left the defendant TAYLOR FRESH's control, defective and unreasonably dangerous for its ordinary and expected use because it contained *E. Coli 0157:H7*, a deadly pathogen.

33. The adulterated food product that the Defendant TRADER JOE'S manufactured, supplied, packaged, distributed, and/or sold was delivered to the Plaintiff without any change in its defective condition. The adulterated food product that TRADER JOE'S manufactured, supplied, packaged, distributed, and/or sold was used in the manner expected and intended, and was consumed by Plaintiff.

34. The adulterated food product that the Defendant TAYLOR FARMS manufactured, supplied, packaged, distributed, and/or sold was delivered to the Plaintiff without any change in its defective condition. The adulterated food product that TAYLOR FARMS manufactured, supplied, packaged, distributed, and/or sold was used in the manner expected and intended, and was consumed by Plaintiff.

35. The adulterated food product that the Defendant TAYLOR FRESH manufactured, supplied, packaged, distributed, and/or sold was delivered to the Plaintiff without any change in its defective condition. The adulterated food product that the TAYLOR FRESH manufactured, supplied, packaged, distributed, and/or sold was used in the manner expected and intended, and was consumed by Plaintiff.

36. The Defendants owed a duty of care to the Plaintiff to manufacture, supply, package, distribute and/or sell food that was not adulterated, that was fit for human consumption, that was reasonably safe in construction, and that was free of pathogenic bacteria or other substances injurious to human health. The Defendant TRADER JOE'S breached this duty.

37. The Defendants owed a duty of care to the Plaintiff to manufacture, supply, package, distribute and/or sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable consumer. The Defendant TAYLOR FARMS breached this duty.

38. The Defendants owed a duty of care to the Plaintiff to manufacture, supply, package, distribute and/or sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable consumer. The Defendant TAYLOR FRESH breached this duty.

39. Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the Defendants manufactured, supplied, packaged, distributed and/or sold.

40. By reason of the above, defendants are strictly liable for the injuries caused to Plaintiff BROOKE LIETNER, including *E. Coli 0157:H7* HUS, acute kidney injury, sepsis, hospitalization, dialysis, pain, suffering, and pecuniary loss including lost wages and medical expenses.

### AS AND FOR A SECOND CAUSE OF ACTION: PRODUCTS LIABILITY

41. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs, as though fully set forth in this cause of action.

42. At all times relevant herein, the adulterated food product that is the subject of this action was defective as to design, manufacture, and warnings, causing the adulterated food product to be in a dangerous and defective condition that made it unsafe for its intended use.

43. As a direct and proximate result of the defective and dangerous condition of the adulterated food product described above, Plaintiff consumed it in the manner expected and intended.

44. As a further direct and proximate result of the defective and dangerous condition of the adulterated food product described above, Plaintiff sustained the injuries and damages, including but not limited to the following: nausea, severe abdominal cramps, diarrhea, sepsis, acute kidney failure, need for dialysis, a general feeling of illness, lost wages, pain and suffering, and medical expenses.

### AS AND FOR A THIRD CAUSE OF ACTION: NEGLIGENCE

45. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

46. Defendant TRADER JOE'S owed Plaintiff a duty to use reasonable care in the manufacture, supply, packaging, distribution and/or sale of its food product.

47. Defendant TRADER JOE'S breached this duty.

48. Defendant TAYLOR FARMS owed Plaintiff a duty to use reasonable care in the manufacture, supply, packaging, distribution and/or sale of its food product.

49. Defendant TAYLOR FARMS breached this duty.

50. Defendant TAYLOR FRESH owed Plaintiff a duty to use reasonable care in the manufacture, supply, packaging, distribution and/or sale of its food product.

51. Defendant TAYLOR FRESH breached this duty.

52. As a direct and proximate result of Defendants' breach, Plaintiff suffered injuries and damages in an amount to be determined at trial including nausea, vomiting, bloody stool, colitis, sepsis, hemolytic-uremic syndrome, acute kidney failure with tubular necrosis, acute post hemorrhagic anemia, thrombocytopenia, pain, suffering, lost wages, and medical expenses, among other injuries.

53. Defendants' breach was a substantial factor in causing Plaintiff's harm.

### AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF WARRANTY

54. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

55. Defendant TRADER JOE'S breached express and implied warranties it made regarding the adulterated product that Plaintiff purchased and consumed, including the implied warranties of merchantability and/or fitness for a particular use.

56. Defendant TAYLOR FARMS breached express and implied warranties it made regarding the adulterated product that Plaintiff purchased and consumed, including the implied warranties of merchantability and/or fitness for a particular use.

57. Defendant TAYLOR FRESH breached express and implied warranties it made regarding the adulterated product that Plaintiff purchased and consumed, including the implied warranties of merchantability and/or fitness for a particular use.

58. Defendant TRADER JOE'S expressly warranted, through its sale of food to the public and by statements and conduct of its employees and agents, that the food it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

59. Defendant TAYLOR FARMS expressly warranted, through its sale of food to TRADER JOE's and/or the public and by statements and conduct of its employees and agents, that the food it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

60. Defendant TAYLOR FRESH expressly warranted, through its sale of food to the TRADER JOE's and/or the public and by statements and conduct of its employees and agents, that the food it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

61. The E. coli-contaminated food that Defendants sold to Plaintiff would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

62. The E. coli-contaminated food sold to Plaintiff was not fit for the uses and intended purpose (human consumption), and this product was therefore in breach of the implied warranty of fitness for its intended use.

63. As a direct and proximate cause of the Defendants' breach of warranties, as set forth above, Plaintiff suffered injuries and damages in an amount to be determined at trial.

64. That this action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount on each cause of action that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction together with the costs and disbursements of this action and interest as allowed by law.

DATED:    New York, New York
               August 27, 2020

                                         Yours, etc.
                                         THE JACOB D. FUCHSBERG LAW FIRM, LLP

                      By:   _____
                                         ELI A. FUCHSBERG, ESQ.
                                         Attorneys for Plaintiff
                                         3 Park Avenue, Suite 3700
                                         New York, NY 10016
                                         (212) 869-3500
                                         e.fuchsberg@fuchsberg.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                             Index No. 515934/2020
===================================================================

BROOKE LEITNER,

                                                 Plaintiff,

        - against -

TRADER JOE'S EAST INC. d/b/a "TRADER JOE'S", TAYLOR FARMS RETAIL, INC.,
TAYLOR FRESH FOODS, INC., and JOHN DOES 1 through 10,

                                                Defendants.

---

# SUMMONS & VERIFIED COMPLAINT

---

THE JACOB D. FUCHSBERG LAW FIRM, LLP
*Attorneys for Plaintiff*
3 Park Avenue, Suite 3700
New York, NY 10016
T (212) 869-3500
F (212) 398-1532

===================================================================

To:                            Service of a copy of the within is hereby admitted.
                                                       Dated: _____ 2020

Attorneys for

===================================================================

Dated:

                      Yours, etc.

                      THE JACOB D. FUCHSBERG LAW FIRM, LLP